PEOPLE *v.* ROBERT LEE SMITH

PROSTITUTION—ACCEPTING EARNINGS—EVIDENCE—PAST RECORD OF
DEFENDANT—PREJUDICE.

> Determination by trial court that testimony by principal witness
> that defendant had previously been sent to jail for two years
> for assault and battery would not be so prejudicial to de-
> fendant charged with accepting earnings of a prostitute that
> it would require a mistrial *held,* proper (CL 1948, § 750.457).

Appeal from Recorder's Court of Detroit, Sche-
manske (Frank G.), J.  Submitted Division 1 No-
vember 13, 1968, at Detroit.  (Docket No. 4,896.)
Decided January 27, 1969.

Robert Lee Smith was convicted of accepting the
earnings of a prostitute.  Defendant appeals.  Af-
firmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief Ap-
pellate Lawyer, and *Stephen H. Boak,* Assistant
Prosecuting Attorney, for the people.

*Frank N. MacLean,* for defendant.

PER CURIAM.  On June 26, 1967, defendant was
found guilty by jury verdict of accepting the earn-

REFERENCE FOR POINTS IN HEADNOTE
30 Am Jur 2d, Evidence § 1175.

ings of a prostitute, contrary to CL 1948, § 750.457 (Stat Ann 1954 Rev § 28.712). Defendant filed a motion for new trial on July 12, 1967, which was denied by the court on December 13, 1967. Defendant thus takes this appeal.

During the course of the jury trial, the chief witness for the people (the prostitute) testified as follows:

"*Q.* And what happened after that conversation?
"*A.* We begin to see each other and he went to jail.
"*Mr. Hall* (*defense counsel*): I object, your Honor, at this point."

Defense counsel then moved for a mistrial which was denied. The defendant did not elect to testify in his own behalf during the trial. Later, this same witness for the people testified that the defendant was gone for 2 years. The court excused the jury and admonished the witness to be careful, after objection by defense counsel.

The complainant testified that between the years 1960 and 1966 she earned $20,000 as a prostitute most of which she gave to defendant during that period. The jury was excused and inquiry from the witness developed that defendant had been sentenced to jail for assault and battery. The court determined that this type of conviction would not be so prejudicial to a pandering charge that it would require the granting of a mistrial; the jury was recalled, advised of the reason for jail and told to disregard the answer.

We find no reversible error.

Affirmed.

LESINSKI, C. J., and J. H. GILLIS and BEER, JJ., concurred.